UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA EATON ) <br> 36A Rogers Ave ) <br> Somerville, MA 02144 ) <br> ) <br>           Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. FEDERAL BUREAU OF INVESTIGATION ) <br> 935 Pennsylvania Avenue, N.W. ) <br> Washington, D.C. 20535-0001, ) <br> ) <br>           Defendant. ) | Civil Action No. _____ |

**COMPLAINT**

**Preliminary Statement**

1.    Through this action, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq., as amended*, Plaintiff, Joshua Eaton ("Eaton"), appeals the Defendant's, the United States Federal Bureau of Investigation's ("FBI" or "Bureau"), (1) failure to provide Eaton with a full and complete FOIA response and (2) improper withholding of responsive documents or segregable portions thereof.  This Complaint is timely, as FBI has failed to provide a response to Eaton's perfected FOIA request (the "Request") within the required statutory deadline.

2.    Eaton submitted the Request related to First Unitarian Church, Los Angeles (now First Unitarian Universalist Church of Los Angeles) ("First Unitarian"). The Request sought

1

information relating to First Unitarian, the Rev. Stephen Hole Fritchman ("Rev. Fritchman"), and The Christian Register magazine (now UU World magazine). Ex. 1, Request.

3. FBI treated the Request as three separate requests, ostensibly responding to two of the three resulting requests. *See, e.g.*, Ex. 2, Rev. Fritchman Response; Ex. 3, Christian Register Response.

4. To date, FBI has not disclosed any responsive documents to Eaton's Request regarding First Unitarian. Over eighteen months have elapsed since Eaton's original Request, and it has been a full year since Eaton narrowed the scope of his Request. *See* Ex. 4, Limitation Letter.

5. Eaton has constructively exhausted his administrative remedies with regards to his Request. FBI's failure to respond is a clear violation of FOIA, which allows 20 days for an agency to respond to a request, or 30 days upon written request and a showing of unusual circumstances. 5 U.S.C. §§ 552(a)(6)(A)(ii), (6)(B)(i)-(iii).

6. FOIA requires federal agencies to respond to public requests for documents, including the search and production of files maintained electronically, in order to increase public understanding of the workings of government and access to government information. FOIA requires agencies to respond to such requests within twenty (20) working days. 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii). FBI is a component of the United States Department of Justice ("DOJ"), which has promulgated regulations to this effect. *See* 28 C.F.R. Part 16.

7. Pursuant to Section 6 of the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, DOJ has promulgated regulations governing misdirected FOIA requests, which provide that each component agency has a responsibility to refer misdirected FOIA requests to the "component, agency, or other Federal Government office" that the original component agency believes is "best able to determine whether to disclose the record." 28 C.F.R. § 16.4(d)(2)(i).

8. Notwithstanding the fact that the original Request would have produced voluminous documents, Eaton agreed to, and did, reasonably modify his request upon consultation with the Bureau. Once narrowed, the Request fell firmly within the limits of the second of FBI's three processing tracks for FOIA requests. *See* Ex. 5, DOJ FOIA Reference Guide: Attachment B, at 11-12. Accordingly, FBI should have disclosed such documents in timely fashion, which it has failed to do.

9. FBI's actions in this regard are also inconsistent with Executive Office Policy on FOIA compliance issued by President Barack Obama on January 21, 2009. The Executive Memorandum states:

> The Freedom of Information Act should be administered with clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failure might be revealed, or because of speculative or abstract fears. … All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA.

10. In summary, in failing to respond to Eaton's FOIA request, FBI has arbitrarily refused to produce or otherwise identify the specific documents that are responsive to the Request, which it admits are in its possession. Additionally, FBI has improperly withheld documents, or segregable portions thereof, that are responsive and are required to be released under FOIA. Finally, FBI has failed to abide by the statutory timeframe for processing, referring, or otherwise responding to requests under FOIA.

## **Jurisdiction**

11. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

### Venue

12.     Venue in this Court is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

### Parties

13.     Plaintiff, Eaton, is a private individual residing in Somerville, Massachusetts. Eaton is a freelance journalist, reporting on issues that include national security, human rights, social justice, surveillance and faith-based social movements. Eaton's work appears regularly in Al-Jazeera America, and he has contributed to the Washington Post, the Boston Globe, the Christian Science Monitor, Al Jazeera English, Salon, The Huffington Post, GlobalPost, Religion News Service, and others. *See* Ex. 6, Eaton Publication List.

14.     Defendant, FBI, is an agency of the federal government of the United States, within the meaning of 5 U.S.C. § 552(e), and is located in Washington, D.C. FBI is in possession and/or control of the records requested by Eaton, which are the subject of this action.

### Factual Allegations

15.     Pursuant to an assignment from UU World Magazine, on February 10, 2014, Eaton submitted the Request, designated as Request No. 1254915-000. Ex. 1.

16.     The Request sought information that FBI had gathered on First Unitarian and associated entities. More specifically, the Request sought records on:

   a. "Unitarian minister Rev. Stephen Hole Fritchman (12 May 1902 - 30 May 1981);"
   b. "First Unitarian Church, Los Angeles (now First Unitarian Universalist Church of Los Angeles);" and
   c. "The Christian Register magazine (1942 - 1947), Boston, Massachusetts (now UU World magazine)."

*Id*.

17. FBI acknowledged receipt of the Request on February 10, 2014. Ex. 7, FBI Acknowledgement.

18. On March 25, 2014, FBI responded to Eaton with regards to the Rev. Fritchman request, Request No. 1254914-000, directing him to enquire at the National Archives Records Administration ("NARA") for any such records. *See* Ex. 2.

19. Upon information and belief, FBI did not consult with or refer the Fritchman sub-request to NARA for processing.

20. On March 27, FBI responded to Eaton with regards to The Christian Register request, Request No. 1254916-000, informing him that the Bureau had no responsive main file records for the time period designated in the Request. Ex. 3.

21. By letter dated May 16, 2014, FBI informed Eaton that it had located five thousand and six (5,006) documents which were potentially responsive to his Request. *See* Ex. 8, Initial Response.

22. In light of the number of potentially responsive documents, the Initial Response offered Eaton the chance to narrow the scope of his request. *Id.*

23. By a separate letter dated May 16, 2014, FBI also denied Eaton's request for a fee waiver. *See* Ex. 9, Fee Waiver Denial.

24. On August 5, 2014, FBI informed Eaton via email that it had located the following case summaries relating to the subjects of the request:

   a. June – September 1955
   b. March – April 1956
   c. May – June 1957
   d. November 1957
   e. June 1958
   f. February – July 1961
   g. January – June 1962

      h. January – June 1963
      i. July 1963 – January 1964
      j. July 1964 – January 1965
      k. January – August 1965
      l. January – February 1967
      m. July 1967
      n. December 1967 – January 1968
      o. July 1968 – August 1968
      p. July 1973

Ex. 10, August 5, 2014 Email. This email provided Eaton with the initial opportunity to limit the scope of his Request.

25. Following phone conversations and email exchanges between employees of the Bureau and Eaton, on August 11, 2014, Eaton confirmed that he agreed to limit the scope of his Request to the case summaries in the relevant file(s) indicated in the August 5, 2014 Email, and FBI acknowledged receipt of such confirmation on August 18, 2014. *See* Ex. 11, August 18 Email Chain.

26. On August 18, 2014, FBI sent a letter memorializing Eaton's limitation of the scope of his Request. Ex. 4.

27. The Limitation Letter stated that, thanks to Eaton's agreement to limit its scope, the Request had been reduced "from a large-track request of 3,193 pages to a medium-track request of 1,143 pages." *Id*.

28. There was to be no charge for the first compact disc ("CD") of records released to Eaton, the second CD was to cost twenty dollars ($20.00), and a fifteen dollar ($15.00) per-CD charge thereafter. *Id*.

29. Since receiving FBI's Limitation Letter almost one year ago, Eaton has received no communications from FBI regarding this matter.

30. Eaton made a good-faith effort to reach out to FBI via email on June 11, 2015, inquiring as to the status of his Request. Ex. 12, June 11 Email.

31. To date, Eaton has received neither records nor any information regarding the status of his Request; the production of records is long overdue.

## COUNT I

### First Unitarian Documents

32. Eaton hereby repeats, re-alleges, and incorporates by reference Paragraphs 1-31 as if fully set forth herein.

33. FBI has indicated that it has certain documents in its possession regarding First Unitarian which are responsive to the Request. FBI is required to release these documents for the public to review.

34. FBI's apparent refusal to process the Request, even after Eaton narrowed such request, was and is arbitrary and capricious and otherwise not in accordance with the law.

35. FBI's failure to provide a legitimate basis and rationale for withholding responsive documents, or segregable portions thereof, for nearly a year is in violation of FOIA. *See* 5 U.S.C. § 552(a)(4)(B).

36. FBI's failure to fully and completely respond to Eaton's plainly stated FOIA request violates the express provision of FOIA. *See* 5 U.S.C. § 552(a)(3).

37. Eaton has constructively exhausted his administrative remedies, having waited over eighteen months since making his original Request, and over a year since narrowing the scope of his Request. *See* 5 U.S.C. §§ 552(a)(6)(A)(ii), (6)(C).

## COUNT II

### Reverend Fritchman Documents

38. Eaton hereby repeats, re-alleges, and incorporates by reference Paragraphs 1-37 as if fully set forth herein.

39. FBI merely informed Eaton that potentially records on the subject of his request were likely to exist at NARA, and did not actually refer the Fritchman sub-request thereto.

40. DOJ's regulations require each component to forward misdirected FOIA requests to the appropriate FOIA office, regardless of whether such FOIA office is in another DOJ component or another agency of the Federal Government. 28 C.F.R. § 16.4(d).

41. An agency's failure to follow its own regulations is, by definition, arbitrary, capricious, or otherwise not in accordance with the law.

42. As FBI never referred the Fritchman sub-request as required, it remains open and unresolved.

43. Accordingly, Eaton has exhausted his administrative remedies with regards to the Fritchman documents, having waited over a year and a half since he made the Request. *See* 5 U.S.C. §§ 552(a)(6)(A)(ii), (6)(C).

### Relief Requested

WHEREFORE, Plaintiff, Eaton, prays that this Court:

(1) Maintain jurisdiction over this action until FBI is in compliance with FOIA, and every order of this Court;

(2) Find FBI in violation of FOIA for refusing to release the requested documents in the Bureau's possession and for failing to follow DOJ's FOIA regulations;

(3) Enjoin FBI from withholding all responsive records, or segregable portions thereof, that were requested by Plaintiff, and order their immediate disclosure thereto;

(4) Order FBI to respond to each of Plaintiff's requests fully and completely in a manner that will allow Eaton to gauge the adequacy of the response;

(5) Order FBI to forward Plaintiff's Fritchman sub-request to NARA for appropriate processing;

(6) Award reasonable costs and attorneys' fees to Eaton as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

(7) Grant such other relief as the Court may deem just and proper.

                                                  Respectfully submitted,

                                                  /s/ *Alexander J. E. English*
                                                  Alexander J. E. English, Esq.
                                                  D.C. Dist. Ct. Bar #: MD0005
                                                  GreenSpring Legal, LLC
                                                  9980 Guilford Rd. #102
                                                  Jessup, MD 20794
                                                  Telephone: 301-466-4024
Date: August 14, 2015                          E-mail: ajeenglish@greenspringlegal.com